UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEPHEN BULL, Individually and on Behalf of
ARROW FINANCIAL CORPORATION,

                    Plaintiff,

   v.

THOMAS J. MURPHY, PENKO K. IVANOV, EDWARD J. CAMPANELLA, WILLIAM L. OWENS, MARK L. BEHAN, TENEE R. CASACCIO, GREGORY J. CHAMPION, GARY C. DAKE, DAVID G. KRUCZLNICKI, ELIZABETH A. MILLER, RAYMOND F. O'CONOR, and COLIN L. READ,

                    Defendants,

and,

ARROW FINANCIAL CORPORATION

                    Nominal Defendant.

1:23-cv-01566 (AMN/DJS)

---

**APPEARANCES:**

**GAINEY McKENNA & EGLESTON**
260 Madison Avenue - 22nd Floor
New York, NY 10016
*Attorneys for Plaintiff*

**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas - Suite 1700
New York, NY 10019
*Attorneys for Defendants*

**OF COUNSEL:**

THOMAS J. McKENNA, ESQ.
GREGORY M. EGLESTON, ESQ.

WILLIAM SUSHON, ESQ.
JAVED S. YUNUS, ESQ.

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE ACTION SETTLEMENT**

**I.      INTRODUCTION**

On December 12, 2023, Plaintiff Stephen Bull commenced this shareholder derivative action against Arrow Financial Corp. ("Arrow" or the "Company") alleging breaches of fiduciary duty, gross mismanagement, waste of corporate assets, unjust enrichment, and violations of the Securities Exchange Act of 1934. Dkt. No. 1. On April 30, 2025, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, Plaintiff moved for preliminary settlement approval. Dkt. No. 22. Defendants Thomas J. Murphy, Penko K. Ivanov, Edward J. Campanella, William L. Owens, Mark L. Behan, Tenee R. Casaccio, Gregory J. Champion, Gary C. Dake, David G. Kruczlnicki, Elizabeth A. Miller, Raymond F. O'Conor, and Colin L. Read; and nominal defendant Arrow (collectively, the "Defendants") have not opposed.

For the reasons set forth below, Plaintiff's motion preliminarily approving the proposed settlement of this action in accordance with the Stipulation and Agreement of Settlement dated April 30, 2025, Dkt. No. 22-3, is granted. Plaintiff's proposed schedule described herein is approved and the Settlement Hearing[1] before the Honorable Anne M. Nardacci is scheduled for Monday, January 12, 2026 at 11:00 A.M.

**II.     BACKGROUND**

   **A. Facts**

Plaintiff alleged that Defendants made materially false and/or misleading statements and/or failed to disclose that: "(i) Arrow maintained defective disclosure controls and procedures and internal controls over financial reporting; (ii) the foregoing increased the risk that the Company could not timely file one or more of its periodic financial reports with the [U.S. Securities and

---

[1] Except as otherwise expressly provided or as the context otherwise requires, all capitalized terms contained hereinafter shall have the same meanings and/or definitions as set forth in the Stipulation and Agreement of Settlement.

Exchange Commission ("SEC")] as required by the NASDAQ's listing requirements; (iii) accordingly, Arrow was at an increased risk of being delisted from the NASDAQ; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times." Dkt. No. 22-1 at 8-9.[2] More specifically, Plaintiff alleged that the Company failed to timely file its Annual Report on Form 10-K for fiscal year 2022 as well as its Quarterly Report on Form 10-Q for the quarter ending March 31, 2023. *Id.* at 9. As a result, the Company received two notices of non-compliance with the NASDAQ's periodic filing requirements and the Company's share price declined. *Id.*

### B. Procedural History

This action was initially stayed, pending the resolution of a motion to dismiss in a factually related securities class action filed against the Company and certain of its officers, *Ashe v. Arrow Fin. Corp., et al.*, No. 1:23-cv-00764-AMN-DJS (N.D.N.Y.). Dkt. No. 15. The Parties submitted a joint stipulation agreeing, in relevant part, that Plaintiff would be included in any mediation or settlement discussions in either the securities class action or any other derivative action; and Defendants would produce to Plaintiff any documents in response to any other shareholder demand for books and records. Dkt. No. 13 ¶¶ 5, 7. On March 11, 2024, the Court granted the joint stipulation staying the case. Dkt. No. 15.

### C. Settlement Negotiations

On April 12, 2024, Plaintiff, after being informed of settlement negotiations occurring in the securities class action, served Defendants a settlement demand containing an initial set of proposed governance reforms. Dkt. No. 22-1 at 11. On or about May 2, 2024, the Parties' counsel

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

engaged in arm's-length negotiations, following which, Plaintiff's counsel sent a list of questions to Defendant's counsel regarding the Company's corporate governance practices, which were answered during a settlement discussion on May 15, 2024. *Id.* At the conclusion of this settlement discussion, Plaintiff's counsel requested that the Company produce certain internal, confidential corporate governance documents, which the Company produced on May 28 and June 12, 2024. *Id.* On or about June 14, 2024, after reviewing the document production, Plaintiff drafted a second settlement demand. *Id.* After engaging in several rounds of additional arm's-length negotiations and exchanging revised settlement demands and counter demands, on September 16, 2024, the Parties reached an agreement in principle to resolve this action in exchange for certain corporate governance reforms. *Id.* at 11-12.

After negotiating the material terms of the settlement, the Parties began negotiating the amount of attorneys' fees and expenses Defendants would pay Plaintiff's counsel. *Id.* at 12. Despite having a number of exchanges, the Parties were unable to agree on the amount of attorneys' fees and expenses as of the filing of this motion. *Id*. Accordingly, Plaintiff will file a subsequent motion seeking the Court's approval of an appropriate Fee and Expense Amount, which Defendants have the right to oppose. *Id*.

### III.  DISCUSSION

#### A.  Legal Standard for Preliminary Approval of Derivative Action

In a derivative action, Rule 23.1(c) of the Federal Rules of Civil Procedure provides that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). Moreover, "[b]efore approving the settlement of a derivative action, the Court must be satisfied that the compromise 'fairly and adequately serves the interests of the corporation on whose behalf the

4

derivative action was instituted.'" *In re AOL Time Warner S'holder Derivative Litig.*, No. 02-cv-6302, 2006 WL 2572114, at *2 (S.D.N.Y. Sept. 6, 2006) (*quoting Mathes v. Roberts*, 85 F.R.D. 710, 713 (S.D.N.Y. 1980)).  The Court must find that the settlement compromise is "fair, reasonable and adequate . . . with respect to both the negotiating process leading up to settlement as well as the settlement's substantive terms." *Id.* (internal citations and quotations omitted).

Public policy favors settlement, particularly in complex class actions and shareholder derivative litigation. *See In re Metro. Life Derivative Litig.*, 935 F. Supp. 286, 291 (S.D.N.Y. 1996); *see also In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (identifying "the strong judicial policy in favor of settlements, particularly in the class action context").

"In determining whether to approve the settlement of a derivative action, courts look to cases and standards under Rule 23(e) of the Federal Rules of Civil Procedure for guidance[.]" *In re CPI Aerostructures S'holder Derivative Litig.*, No. 20-cv-2092, 2023 WL 2969279, at *3 (E.D.N.Y. Feb. 14, 2023).  Court approval of a class action settlement involves two steps: "(1) preliminary approval—where prior to notice to the class, a court makes a preliminary evaluation of fairness, and (2) final approval—where notice of a hearing is given to the class members, and class members and settling parties are provided the opportunity to be heard on the question of final court approval." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) (internal brackets, quotations, and citations omitted).  At this preliminary approval stage, "the Court is not asked to determine the ultimate fairness of the proposed settlement but whether there is any reason to notify interested shareholders of the proposed settlement and to proceed with a fairness hearing." *In re CPI*, 2023 WL 2969279, at *6 (internal brackets, quotations, and citations omitted).

5

The Second Circuit's settlement approval analysis relies on two overlapping multi-factor tests: (i) the factors enumerated in the 2018 amendments to Rule 23(e)(2) of the Federal Rules of Civil Procedure; and (ii) the *Grinnell* factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). *See Gordon v. Vanda Pharms. Inc.*, No. 19-cv-1108, 2022 WL 4296092, at *2 (E.D.N.Y. Sept. 15, 2022). When evaluating the fairness, reasonableness, and adequacy of a settlement, the 2018 amendments to Rule 23(e)(2) require the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Factors A and B "are 'procedural' factors that address 'the conduct of the litigation and of the negotiations leading up to the proposed settlement,'" and factors C and D "are 'substantive' factors that address the 'relief that the settlement is expected to provide to class members.'" *Rosenfeld v. Lenich*, No. 18-cv-6720, 2021 WL 508339, at *3 (E.D.N.Y. Feb. 11, 2021) (quoting Fed. R. Civ. P. 23 Advisory Committee's Note to 2018 Amendment). Courts in this Circuit supplement the substantive factors with the *Grinnell* factors. *See In re 3D Sys. Sec. Litig.*, No. 21-cv-1920, 2023 WL 4621716, at *5 (E.D.N.Y. July 19, 2023); *see also Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 17-cv-359, 2023 WL 3251421, at *3 (N.D.N.Y. May 3, 2023).[3]

---

[3] The *Grinnell* factors include "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to

### 1. Procedural Fairness

At the initial preliminary approval step, the Court must consider whether the settlement is procedurally fair by evaluating both the substantive terms of the settlement and the negotiating process that produced the settlement. *Weinberger v. Kendrick*, 698 F.2d 61, 73-74 (2d Cir. 1982). More specifically, "[i]n the context of a derivative action settled on behalf of the class of all shareholders, the Court must consider whether the settlement was procedurally fair—*i.e.*, whether it was the result of arm's-length negotiations and whether [Plaintiff's] counsel adequately and effectively represented the interests of the shareholder class—and whether the substantive terms of the settlement are in the interests of the company and its shareholders relative to the likely rewards of litigation." *Scott v. Wei*, No. 15-cv-9691, 2021 WL 1910657, at *1 (S.D.N.Y. May 12, 2021) (internal citations and quotations omitted). "A strong initial presumption of fairness attaches to a proposed settlement if it is reached by experienced counsel after arm's-length negotiations, and great weight is accorded to counsel's recommendation." *Guevoura Fund Ltd. v. Sillerman*, No. 18-cv-09784, 2019 WL 6889901, at *6 (S.D.N.Y. Dec. 18, 2019) (citations omitted).

Plaintiff contends that the settlement here was negotiated in good faith and at arm's-length by experienced and competent counsel. *See* Dkt. No. 22-1 at 20. Multiple rounds of negotiations were undertaken by competent and experienced counsel over the course of several months involving the exchange of several demands and counteroffers. *Id.* at 11-12, 20. Additionally, the Parties separately negotiated attorneys' fees and expenses at arm's length, only after the Parties agreed to the material terms of the settlement. *Id.* at 21. Moreover, Plaintiff's counsel conducted

---

withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Grinnell*, 495 F.2d at 463 (internal citations omitted).

extensive investigations and analysis, including, *inter alia*, reviewing certain confidential internal Company documents produced in connection with the settlement negotiations. *Id*. at 20, 25-26.

For these reasons, the Court finds that Plaintiff has satisfied the procedural fairness requirement.

### 2. Substantive Fairness

"Of those [*Grinnell*] factors that the Second Circuit has enumerated to guide the substantive fairness review of a class action settlement, four are particularly relevant to the review of settlements in shareholder derivative actions: (1) the reasonableness of the benefits achieved by the settlement in light of the potential recovery at trial; (2) the likelihood of success in light of the risks posed by continued litigation; (3) the likely duration and cost of continued litigation; and (4) any shareholder objections[4] to proposed settlement." *In re CPI*, 2023 WL 2969279, at *6 (internal quotations and citations omitted).

### i. Reasonableness of the Benefits Achieved

In evaluating the benefits achieved in a settlement, there is "a range of reasonableness" to account for "the uncertainties of law and fact . . . and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *In re Fab Universal Corp. S'holder Derivative Litig.*, 148 F. Supp. 3d 277, 281 (S.D.N.Y. 2015) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). "[I]n derivative actions where the harm done is to the corporation, a monetary benefit is not necessary for settlement approval." *Id*.; *see also Mills v. Electric Auto–Lite Co.*, 396 U.S. 375, 395 (1970) ("[A] corporation may receive a 'substantial benefit' from a derivative suit .

---

[4] At this preliminary approval stage, the shareholders have not yet received notice of the proposed settlement, so no shareholder objections have been filed with the Court. Accordingly, this factor does not apply.

. . regardless of whether the benefit is pecuniary in nature." (collecting cases)).

Here, the benefits achieved are corporate governance reforms to be implemented for a period of no less than five years. *See* Dkt. No. 22-1 at 15-18. "Reforms addressing the issues giving rise to the derivative suit 'are exactly the type that courts deem to confer a substantial benefit on the company.'" *Scott v. Weig*, No. 15-cv-9691, 2018 WL 2254541, at *4 (S.D.N.Y. May 17, 2018) (quoting *In re Fab*, 148 F. Supp. 3d at 281). Plaintiff contends, and the Court agrees, that the proposed corporate governance reforms are tailored to specifically address Plaintiff's allegations regarding the alleged issuance of false and misleading statements, alleged internal control deficiencies, and the alleged failings of the officers and directors to prevent the misconduct by "strengthen[ing] the Company's internal control function, providing checks-and-balances on the Company's executives, ensuring all public statements are accurate, full, and truthful, and ensuring the Board is dedicated to the furtherance of the Company's mission-critical aims" in order to reduce the likelihood that the alleged misconduct will reoccur. Dkt. No. 22-1 at 23-24.

Accordingly, this factor weighs in favor of granting preliminary approval.

### ii. Likelihood of Success and the Burdens of Continued Litigation

"Shareholder derivative litigation is notoriously difficult and unpredictable," particularly because "the doctrine of demand futility, the business judgment rule, and the generally uncertain prospect of establishing a breach of fiduciary duties combine to make shareholder derivative suits an infamously uphill battle for plaintiffs." *In re Peloton Interactive, Inc., Derivative Litig.*, No. 21-cv-2862, 2025 WL 2300266, at *5 (E.D.N.Y. Apr. 7, 2025) (internal brackets, quotations, and citations omitted).

Plaintiff contends that he faces the risk that this action may not overcome challenges at the pleading stage, and even if the action survived such challenges, continued litigation would be

protracted and expensive, given the high costs associated with lengthy and complex litigation. Dkt. No. 22-1 at 25. While the Company produced some confidential internal documents during the settlement process, discovery has not commenced. *Id.* at 26. Moreover, even if the Plaintiff is victorious at trial, establishing the amount of recoverable damages would be subject to further litigation. *Id.* at 25.

In short, continued litigation poses numerous risks, while settlement ensures the undertaking of broad corporate reform. Accordingly, this factor also weighs in favor of settlement approval and the Court finds that the substantive fairness requirement is met.

### B. Notice of Proposed Settlement

Plaintiff seeks the Court's approval to distribute a proposed notice of shareholder derivative settlement ("Notice") pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. *See* Fed. R. of Civ. P. 23.1(c) (providing that "[n]otice of a proposed settlement . . . must be given to shareholders or members in the manner that the court orders"). Courts have discretion in approving the notice's contents and method of distribution. *See Arace v. Thompson*, No. 08-cv-7905, 2011 WL 3627716, at *4 (S.D.N.Y. Aug. 17, 2011).

There are no rigid rules as to the content of the proposed notice, so long as it fairly apprises shareholders of the terms of the proposed settlement and their available options. *See Weinberger*, 698 F.2d at 70. Plaintiff's Notice summarizes the essential facts of the lawsuit, indicates where the full stipulation outlining the settlement terms can be accessed, and describes the procedure for objecting to the settlement, including identifying the date of the Settlement Hearing. *See* Dkt. No. 22-3 at 48-53.

To distribute adequate notice of the settlement, Plaintiff agrees to:

> (1) post a copy of the [Notice] and the Settlement Agreement (and exhibits thereto) on the Investor Relations page of the Company's website; (2) issue a press release

10

>with the Notice on *GlobeNewswire* or similar newswire service; and (3) file with the [SEC] the Notice and Settlement Agreement (and exhibits thereto) as exhibits to a Form 8-K with the SEC. The Notice shall provide a link to the Investor Relations page on the Company's website where the Notice and Stipulation of Settlement (and exhibits thereto) may be viewed, which page will be maintained through the date of the final settlement hearing.

Dkt. No. 22-1 at 27; Dkt. No. 22-3 ¶ 2.2.

Courts have found that Plaintiff's proposed method of distribution constitutes reasonable and sufficient notice. *See, e.g.*, *In re Peloton*, 2025 WL 2300266, at *7 (approving notice of proposed settlement via filing a Form 8-K, publishing over *GlobeNewswire*, and posting on the company's website); *Allred v. Walker*, No. 19-cv-10641, 2021 WL 5847405, at *3 (S.D.N.Y. Dec. 9, 2021) (same).

Accordingly, the Court finds that the content and method of dissemination of Plaintiff's Notice fairly apprises shareholders of the pendency of the settlement and affords them a fair opportunity to present their objections.

\*   \*   \*

The Court finds, upon a preliminary evaluation, that the proposed settlement falls within the range of possible approval criteria, as it provides a beneficial result for the Company and its shareholders, and appears to be the product of serious, informed, non-collusive negotiations. The Court also finds that the form, substance, and dissemination of information regarding the proposed settlement complies with Rule 23.1 of the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

Accordingly, the Court hereby:

1.   **PRELIMINARILY APPROVES**, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

11

2. The Settlement Hearing shall be held on **Monday, January 12, 2026 at 11:00 A.M.**, before the Honorable Anne M. Nardacci, at the U.S. District Court for the Northern District of New York, 445 Broadway, Albany, NY 12207 to (i) determine whether the terms of the Settlement as set forth in the Stipulation should be approved as fair, reasonable, and adequate to Arrow; (ii) consider any objections to the Settlement submitted in accordance with the proposed notice program; (iii) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit F to the Stipulation, should be entered, dismissing the Action with prejudice and releasing all of the Released Claims against the Released Persons; (iv) determine what Fee and Expense Amount as well as what Service Awards should be approved; and (v) consider such other matters as the Court may deem appropriate.

3. Within fifteen (15) days after the entry of this Order, the Company shall: (i) post a copy of the Notice and the Settlement (and exhibits thereto) on the Investor Relations page of the Company's website; (ii) issue a press release with the Notice on GlobeNewswire or similar newswire service; and (iii) file with the SEC the Notice and Settlement (and exhibits thereto) as exhibits to a Form 8-K with the SEC. The Notice shall provide a link to the Investor Relations page on the Company's website where the Notice and Stipulation of Settlement (and exhibits thereto) may be viewed, which page will be maintained through the date of the final settlement hearing.

4. The Company shall undertake the administrative responsibility for giving notice to Current Arrow Stockholders and shall be solely responsible for paying the costs and expenses related to providing notice of the Settlement.

5. At least seven (7) calendar days prior to the Settlement Hearing, the Company's Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting,

publishing, and filing the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

6.  Any Current Arrow Stockholder may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or why the Fee and Expense Amount or Service Awards should not be awarded. However, no Current Arrow Stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Current Stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of Arrow stock and ownership of Arrow stock as of April 30, 2025, the date the Stipulation was executed, including the number of Arrow shares held.

7.  At least twenty-one (21) calendar days prior to the Settlement Hearing, any such Current Stockholder must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Northern District of New York, 445 Broadway, Albany, NY 12207, and serve such materials by that date, on each of the following Parties' counsel:

| *Plaintiff's Counsel:* | *Defendants' Counsel:* |
|---|---|
| Thomas J. McKenna<br>Gregory M. Egleston<br>Christopher M. Brain<br>**GAINEY McKENNA & EGLESTON**<br>260 Madison Avenue, 22nd Floor<br>New York, NY 10016<br>Telephone: (212) 983-1300<br>Facsimile: (212) 983-0383<br>Email: tjmckenna@gme-law.com<br>Email: gegleston@gme-law.com<br>Email: cbrain@gme-law.com | William J. Sushon<br>Javed Yunus<br>**O'MELVENY & MYERS LLP**<br>1301 Avenue of the Americas, 17th Floor<br>New York, NY 10019<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>Email: wsushon@omm.com<br>Email: jyunus@omm.com |

8. Any Current Arrow Stockholder who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation and shall also be foreclosed from appealing from any judgment or order entered in this Action.

9. Plaintiff shall file his motions for final approval of the Settlement and for a Fee and Expense Amount at least thirty-five (35) calendar days prior to the Settlement Hearing.  If there is any objection to the Settlement or to the requested Fee and Expense Amount, said objection(s) by Current Arrow Stockholder(s) or by any Defendant shall be filed twenty-one (21) calendar days prior to the Settlement Hearing.  Plaintiff shall file a response to any objection(s) and/or in further support of the Settlement at least seven (7) calendar days prior to the Settlement Hearing.

10. The Court hereby sets the following schedule of events:

| Event | Deadline for Compliance |
|---|---|
| Deadline for the Company to (i) post a copy of the Notice and the Settlement (and exhibits thereto) to the Investor Relations page of the Company's website; (ii) issue a press release with the Notice on GlobeNewswire or similar newswire service; and (iii) file the Notice and Settlement with the SEC (and exhibits thereto) as exhibits to a Form 8-K. | No later than 15 calendar days following the entry of the Preliminary Approval Order, which is November 6, 2025. |
| Deadline for Plaintiff to file papers in support of the Settlement and the requested Fee and Expense Amount. | No later than 35 calendar days before the Settlement Hearing, which is December 8, 2025. |
| Deadline for the submission of objections to the Settlement and/or the requested Fee and Expense Amount. | No later than 21 calendar days before the Settlement Hearing, which is December 22, 2025. |
| Deadline for Plaintiff to file reply papers in support of the Settlement and the requested Fee and Expense Amount. | No later than 7 calendar days before the Settlement Hearing, which is January 5, 2026. |
| Deadline for the Company's counsel to file a declaration or affidavit with respect to filing, publishing, and posting Notice. | No later than 7 calendar days before the Settlement Hearing, which is January 5, 2026. |
| Date of the Settlement Hearing. | January 12, 2026, at 11:00 A.M. |

11.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current Arrow Stockholders.

**IT IS SO ORDERED.**

Dated: October 22, 2025
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

15