**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STEPHEN BULL, Individually and on Behalf
of ARROW FINANCIAL CORPORATION,

     Plaintiff,         1:23-cv-01566 (AMN/DJS)

  v.

THOMAS J. MURPHY, PENKO K. IVANOV,
EDWARD J. CAMPANELLA, WILLIAM L.
OWENS, MARK L. BEHAN, TENEE R.
CASACCIO, GREGORY J. CHAMPION,
GARY C. DAKE, DAVID G. KRUCZLNICKI,
ELIZABETH A. MILLER, RAYMOND F.
O'CONOR, and COLIN L. READ,

     Defendants,

 and,

ARROW FINANCIAL CORPORATION

     Nominal Defendant.

---

## ORDER AND FINAL JUDGMENT

    This matter came before the Court for a hearing on January 12, 2026, on Plaintiff's

motion for final approval of the proposed settlement ("Settlement") set forth in the Stipulation

of Settlement, dated April 30, 2025 (the "Stipulation"), and the exhibits thereto.  On October

22, 2025, the Court granted Plaintiff's unopposed motion for preliminary approval of the

Settlement.  Dkt. No. 25 ("Preliminary Approval Order").  Due and adequate notice having

been given of the Settlement, pursuant to the Preliminary Approval Order, and the Court having

reviewed and considered all papers filed and proceedings had herein, and otherwise being fully

informed in the premises and good cause appearing therefor, the Court enters this Order and

Final Judgment (the "Judgment").

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the above-captioned Action, including all matters necessary to effectuate the Settlement, and over the Parties.

3.      The Court confirms that the form of the Notice of the Settlement and the means of dissemination of the Notice of the Settlement: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Current Arrow Stockholders of: (i) the pendency of the Action; (ii) the effect of the Settlement (including the releases to be provided thereunder); (iii) Plaintiff's Counsel's Fee and Expense Amount and the Service Award; (iv) their right to object to the Settlement, Plaintiff's Counsel's Fee and Expense Amount, and/or the Service Award; and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the Settlement; and (d) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4.      The Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate as to each of the Parties, and further finds that the Settlement is in the best interests of Arrow and its stockholders.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with terms and provisions contained in the Stipulation.

5.      The Action and all claims contained therein, as well as all of the Released Claims against the Released Persons, are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided below.

5.1      Upon the Effective Date, Releasing Persons shall be deemed to have, and by operation of the Judgment shall have completely, fully, finally, and forever

compromised, settled, waived, released, relinquished, discharged, extinguished, and dismissed with prejudice all of the Released Claims (including Unknown Claims) against the Released Persons, including any and all claims (including Unknown Claims) asserted in, arising out of, relating to, or in connection with the defense of the Action.  Nothing in this Judgment shall release or bar any claims to enforce this Stipulation, the Settlement, or the Judgment or bar any action by any Party to enforce the terms of the Stipulation, the Settlement, or the Judgment.  In addition, nothing in this Judgment is intended to release any rights to indemnification, insurance coverage, or advancement of expenses that any Released Person has or may have under any insurance policy, contract, bylaw, or charter provision, or under New York law, including, but not limited to, any rights any Released Person has or may have related to any pending or threatened civil or government proceedings.

5.2     Upon the Effective Date, the Releasing Parties shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Released Claim against any of the Released Parties.

6.     The Court hereby approves the sum of $280,000 for the payment of Plaintiff's Counsel's attorneys' fees and expenses ("Fee and Expense Amount") and finds that the Fee and Expense Amount is fair and reasonable.  No other fees, costs, or expenses may be awarded to Plaintiff's Counsel in connection with the Settlement.  The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

7.     The Court hereby approves a Service Award of $5,000 for Plaintiff, to be paid from the Fee and Expense Amount in recognition of his participation and effort in the prosecution of the Action.

8.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the negotiations or proceedings in connection therewith: (i) is or may be deemed to be or may be

offered, attempted to be offered, or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Released Persons, or of the validity or infirmity of any of the Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the negotiations or proceedings in connection therewith may be construed as evidence, shall otherwise be admissible, referred to, or used in in any proceeding of any nature, for any purpose whatsoever, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.     Without affecting the finality of the Judgment entered in accordance with the Stipulation, the Court shall retain continuing and exclusive jurisdiction to implement and enforce the terms of the Stipulation and the Judgment and to consider any matters or disputes arising out of or relating to the Settlement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment, and for matters or disputes arising out of or relating to the Settlement.

10.     This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation.  Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: January 22, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge